# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Robert B. Kugler |
| | : | |
| v. | : | |
| | : | Criminal No. 19-716 (RBK) |
| STEVEN MONACO | : | |

---

# GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTIONS

---

## PRELIMINARY STATEMENT

The Government respectfully submits these instructions to the submit to the jury, which pertain to general matters of law and jury trials, the essential elements of the crimes charged in the Indictment, and certain matters of evidence that are relevant to this case. In addition, the Government requests that the Court instruct the jury as to other general matters in accordance with the Court's customary practice.

**Request No. 1**
**Role of the Jury**

*(Source; Third Circuit Jury Instruction § 1.02)*

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial.  You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court, you will decide what the facts are and then apply to those facts the law that I will give to you in my final instructions.  That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence

or about what your verdict should be.  My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law.  Each of the instructions is important.  You must not substitute your own notion or opinion about what the law is or ought to be.  You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, or sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

**Request No. 2**
**Conduct of the Jury**

*(Source: Third Circuit Jury Instruction § 1.03)*

Here are some important rules about your conduct as jurors:

(1)   Keep an open mind.   Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

(2)   Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate.   You need to allow each juror the opportunity to keep an open mind throughout the entire trial.   During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest.

(3)   During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day.   If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

(4)   Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors.   It

is important not only that you do justice in this case, but that you give the appearance of justice. If anyone should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately. Do not discuss this situation with any other juror.

(5)  Do not discuss the case with anyone outside the courtroom or at home, including your family and friends. You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last. However, you should also tell them that the judge instructed you not to talk any more about the case and that they should not talk to you about it. The reason for this is that sometimes someone else's thoughts can influence you. Your thinking should be influenced only by what you learn in the courtroom.

(6)  Until the trial is over and your verdict is announced, do not watch or listen to any television or radio news programs or reports about the case, or read any news or internet stories or articles about the case, or about anyone involved with it.

(7)  Do not use a computer, cellular phone, other electronic devices or tools of technology while in the courtroom or during deliberations. These devices may be used during breaks or recesses for personal uses,

but may not be used to obtain or disclose information about this case. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, through any blog or website, or by way of any other social networking websites, including Facebook, SnapChat, Instagram, LinkedIn, and YouTube.   You may not use any similar technology of social media, even if I have not specifically mentioned it.

(8)  Do not do any research or make any investigation on your own about any matters relating to this case or this type of case.  This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or search the internet, websites or blogs for additional information, or use a computer, cellular phone, or other electronic devices or tools of technology, or any other method, to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case.  Please do not try to find out information from any source outside the confines of this courtroom.  You must decide this case based only on the evidence presented in the courtroom and my instructions about the law.  It would be improper for you to try to supplement that information on your own.

(9)  Finally, you should not concern yourselves with or consider the

possible punishment that might be imposed if you return a verdict of guilty.

(10)   Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

## Request No. 3
## Bench (Side-Bar) Conferences

*(Source: Third Circuit Jury Instruction § 1.04)*

During the trial it may be necessary for me to talk with the lawyers out of your hearing.  That is called a bench or side-bar conference.  If that happens, please be patient.  We also ask that you advise me, through my courtroom deputy, if you are able to hear any of the bench or side-bar conferences, because the purpose is to hold these discussions outside the hearing of the jury, for important reasons.

I know you may be curious about what we are discussing.  We are not trying to keep important information from you.  These conferences are necessary for me to discuss with the lawyers objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence.  We will, of course, do what we can to keep the number and length of these conferences to a minimum.  If I think the conference will be long, I will call a recess.

I may not always grant a lawyer's request for a conference.  Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

**Request No. 4**
**Note-Taking by Jurors**

*(Source: Third Circuit Jury Instruction § 1.05)*

At the end of the trial you must make your decision based on what you remember of the evidence. You will not have a written transcript of the testimony to review. You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said. My courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case. Here are some other specific points to keep in mind about note taking:

(1)   Note-taking is permitted, but it is not required. You are not required to take notes. How many notes you want to take, if any, is entirely up to you.

(2)   Please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness. You also need to decide whether and how much to believe each witness. That will require you to watch the appearance, behavior, and manner of

each witness while he or she is testifying.  You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

(3)  Your notes are memory aids; they are not evidence.  Notes are not a record or written transcript of the trial.  Whether or not you take notes, you will need to rely on your own memory of what was said.  Notes are only to assist your memory; you should not be overly influenced by notes.

(4)  In your deliberations, do not give any more or less weight to the views of a fellow juror just because that juror did or did not take notes. Do not assume that just because something is in someone's notes that it necessarily took place in court.  It is just as easy to write something down incorrectly as it is to hear or remember it incorrectly.  Notes are not entitled to any greater weight than each jurors independent memory of the evidence.  You should rely on your individual and collective memories when you deliberate and reach your verdict.

(5)  You should not take your notes away from court. [*Here, the Court should describe the logistics of storing and securing jurors notes*

*during recesses and at the end of the court day.*]  My staff is responsible for making sure that no one looks at your notes.  Immediately after you have finished your deliberations and I have accepted your verdict, my staff will collect and destroy your notes, to protect the secrecy of your deliberations.

## Request No. 5
## Questions by Jurors of Witnesses

*(Source: Third Circuit Jury Instruction § 1.06)*

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses. *[The specific reasons for not allowing jurors to ask questions may be explained.]* If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Request No. 6**
**Description of Trial Proceedings**

*(Source: Third Circuit Jury Instruction § 1.07)*

The trial will proceed in the following manner:

<u>First</u>:   The lawyers will have an opportunity to make opening statements to you.  The Government may make an opening statement at the beginning of the case. The defendant's lawyer may make an opening statement after the prosecutors opening statement or the defendant may postpone the making of an opening statement until after the Government finishes presenting its evidence.  The defendant is not required to make an opening statement.  The opening statements are simply an outline to help you understand what each party expects the evidence to show.  What is said in the opening statements is not itself evidence.

<u>Second</u>:  After opening statements, the Government will introduce the evidence that it thinks proves the charges stated in the Indictment. The Government will present witnesses and the defendant's lawyer may cross-examine those witnesses. The Government may also offer documents and other exhibits into evidence.

<u>Third</u>:   After the Government has presented its evidence, the defendant may present evidence, but is not required to do so.  As I will

tell you many times during this trial, the Government always has the burden or obligation to prove each and every element of the offenses charged beyond a reasonable doubt.  The defendant is presumed to be innocent of the charges.  The law never imposes on a defendant in a criminal case the burden of proving his innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

Fourth:  After all of the evidence has been presented, the lawyers will have the opportunity to present closing arguments. Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence.  What is said in closing arguments is not evidence, just as what is said in the opening statements is not evidence.

Fifth:  After you have heard the closing arguments, I will give you orally *[and in writing]* the final instructions concerning the law that you must apply to the evidence presented during the trial.  As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial, as well as at the end of the trial.

Sixth:  After my final instructions on the law, you will retire to consider your verdict.  Your deliberations are secret.  You will not be

required to explain your verdict to anyone. Your verdict must be unanimous; all twelve of you must agree to it. You must keep your minds open during this trial. Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence in other words, until you begin your deliberations.

**Request No. 7**
**Evidence**

*(Source: Third Circuit Jury Instruction § 1.08)*

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1)  The testimony of the witnesses;

(2)  Documents and other things received as exhibits; and

(3)  Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1)  Statements and arguments of the lawyers for the parties in this case;

(2)  Questions by the lawyers and questions that I might ask.  You must not assume that a fact is true just because one of the lawyers or I ask a question about it.  It is the witness answers that are evidence.  Of course, you may need to consider the question to know what a witness

means by his or her answer.  For example, if a witness answers "yes" to a question, you will have to consider the question to understand what the witness is saying.

(3)  Objections by lawyers, including objections in which the lawyers state facts;

(4)  Any testimony I strike or tell you to disregard; and

(5)  Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The Rules of Evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules, that lawyer may object.  An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when

they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence (testimony or exhibits) only for a limited purpose. If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence. Whenever I sustain an objection, you must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection. If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record. If I do that, I will instruct you to disregard

that evidence.  That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision.  Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

## Request No. 8
## Direct and Circumstantial Evidence

*(Source: Third Circuit Jury Instruction § 1.09)*

Two types of evidence may be used in this trial, direct evidence and circumstantial (or indirect) evidence. You may use both types of evidence in reaching your verdict.

"Direct evidence" is evidence which, if believed, directly proves a fact. An example of direct evidence occurs when a witness testifies about something the witness knows from his or her own senses something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could find or infer the existence of some other fact or facts. An inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. An inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could find or conclude that it was

21

raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The Government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what inferences you will draw based on all the evidence.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you are to decide how much weight to give any evidence.

**Request No. 9**
**Credibility of Witnesses**

*(Source: Third Circuit Jury Instruction § 1.10)*

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Is the witness truthful?  Is the witness testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1)  The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2)  The quality of the witness knowledge, understanding, and

memory;

(3)  The witness appearance, behavior, and manner while testifying;

(4)  Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)  Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6)  Whether the witness said or wrote anything before trial that is different from the witness testimony in court;

(7)   Whether the witness testimony is consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness testimony is when considered with other evidence that you believe]*; and

(8)  Any other factors that bear on whether the witness should be believed. Inconsistencies or discrepancies in a witness testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you should consider whether it is about a matter of

importance or an insignificant detail.  You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached.  You may decide that the testimony is not worthy of belief because of the witness bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are, and how much weight you think their testimony deserves.

**Request No. 10**
**Nature of the Indictment**

*(Source: Third Circuit Jury Instruction § 1.11)*

The Government has charged the defendant, Steven Monaco, with violating federal laws. Count 1 charges the defendant with conspiring to commit health care fraud and wire fraud. Counts 2-8 and 14 charge the defendant with individual acts of health care fraud. Counts 15-22 charge the defendant with individual acts of wire fraud. Count 23 charges the defendant with conspiring to violate the Anti-Kickback Statute and the Travel Act.

The charges against the defendant are contained in the Indictment. An indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendants have been indicted in making your decision in this case.

**Request No. 11**
**Elements of the Offenses Charged**

*(Source: Third Circuit Jury Instruction § 1.12)*

To help you follow the evidence, I will now give you a brief summary of the elements of the offenses, each of which the Government must prove beyond a reasonable doubt in order to convict the defendants of the offenses charged.

Count 1 – Conspiracy to Commit Health Care Fraud and Wire Fraud:

First:  Two or more persons agreed to commit health care fraud and wire fraud, as charged in the Indictment;

Second: The defendant was a party to or member of that agreement; and

Third:  The defendant joined the agreement or conspiracy knowing of its objective to commit health care fraud and wire fraud and intending to join together with at least one other alleged conspirator to achieve that objective; that is, the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit health care fraud and wire fraud.

*Third Circuit Jury Instructions* §§ 6.18.371A ("Specific Federal Conspiracy Statutes").

<u>Counts 2-8 and 14 — Health Care Fraud</u>:

<u>First</u>:   The defendant knowingly and willfully executed or attempted to execute a scheme to defraud a victim (*e.g.*, health insurance companies) in connection with the delivery of or payment for health care benefits, items, or services; and

<u>Second</u>: The victim was a public or private plan or contract, affecting commerce, under which medical benefits, items, or services were provided to any individual.

*Third Circuit Jury Instructions* § 6.18.1347 (modified).

<u>Counts 15-22 — Wire Fraud</u>:

<u>First</u>:  The defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises (or willfully participated in such a scheme with knowledge of its fraudulent nature);

<u>Second</u>:  The defendant acted with the intent to defraud; and

<u>Third</u>:   In advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a

wire, radio, or television communication in interstate commerce.

*Third Circuit Jury Instructions* § 6.18.1343.

<u>Count 23 — Conspiracy to Violate the Anti-Kickback Statute
and the Travel Act</u>:

<u>First</u>:  Two or more persons agreed to commit offense(s) against the United States;

<u>Second</u>:  The defendant was a party to or member of that agreement to commit offense(s) against the United States;

<u>Third</u>: The defendant joined the agreement or conspiracy knowing of its objectives, and intending to achieve those objectives; and

<u>Fourth</u>: At some time during the existence of the agreement or conspiracy, either the defendant or the defendant's co-conspirators performed an overt act in order to further the objectives of the agreement.

*Third Circuit Jury Instructions* § 6.18.371B.

<u>The Anti-Kickback Statute Elements</u>:

As I just instructed you, the first element of conspiracy to commit an offense against the United States that the Government must prove beyond a reasonable doubt relates to the "object" of the conspiracy.  One of the objects—or objectives—of this charged conspiracy was for a member of the conspiracy to pay or cause the payment of bribes and

kickbacks to someone in order to induce that person to refer patients for the furnishing or arranging for the furnishing of any item and service covered by Medicare or Medicaid, which is in violation of the federal Anti-Kickback Statute.  The elements of that statute are:

First: A member of the conspiracy knowingly and willfully paid or received remuneration;

Second:  The payment or receipt of remuneration was in return for referral, or to induce the referral, of an individual to a person or entity for items or services payable by federal health care programs; and

Third:  The patient services were covered, in whole or in part, by a federal health care program.

Jury Instructions, *United States v. Greenspan*, Crim. No. 16-114 (WHW) (modified); 42 U.S.C. § 1320a-7b(b)(1) and (2).

Elements of Interstate Travel or Transportation or Use of a Facility of Interstate Commerce in Aid of Unlawful Activity:

Another objective of the conspiracy to commit an offense against the United States as charged in the Indictment is that a member of the conspiracy used a facility of interstate commerce in order to carry on certain unlawful conduct, namely commercial bribery.  The elements of the crime are as follows:

<u>First</u>:  A member of the conspiracy used or caused to be used a facility in interstate or foreign commerce, including the mail; and

<u>Second</u>:  A member of the conspiracy did so with the intent to promote, manage, establish, carry on an unlawful activity; and

<u>Third</u>:  Thereafter the member of the conspiracy did promote, manage, establish, or carry on an unlawful activity.

*Fed. Crim. Jury Instr. 7th Cir.* 1952[1] (2020 ed.).

The elements of commercial bribery are:

<u>First</u>:  That member of the conspiracy to which the defendant belonged conferred, or offered or agreed to confer, any benefit on a physician;

<u>Second</u>:  The benefit conferred, offered, or agreed to be conferred and accepted by the physician was as consideration for knowingly violating or agreeing to violate a duty of fidelity to which he was subject as a physician;

<u>Third</u>:  The payment was not disclosed to patients.

N.J.S.A. 2C:21-10.

* * *

What I have just told you is only a preliminary outline of the

elements of the offenses charged.  At the end of trial, I will give you final instructions on the elements of the offenses charged and on other matters of law.  Those final instructions will be more detailed and they will guide you in reaching your verdict in this case.

**Request No. 12**
**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

*(Source: Third Circuit Jury Instruction § 1.13)*

The defendant has pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He starts the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the Government presents evidence that overcomes that presumption by convincing you that he is guilty of the offense charged beyond a reasonable doubt.

The presumption of innocence requires that you find a defendant not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt. The presumption of innocence means that a defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the Government to prove that the defendant is guilty, and this burden stays with the Government throughout the trial.

In order for you to find the defendant guilty beyond a reasonable doubt, the Government must convince you that the defendant is guilty beyond reasonable doubt. That means that the Government must prove each and every element of the offense charged beyond a reasonable doubt.

A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture or speculation are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, you should return a verdict of guilty. However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.

**Request No. 13**
**Separate Consideration: Single Defendant Charged with Multiple Offenses**

*(Source: Third Circuit Jury Instruction § 1.14)*

The defendant is charged with several offenses; each offense is charged in a separate count of the Indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.