

U.S. Department of Justice

*United States Attorney
District of New Jersey*

*Christina O. Hud*  *401 Market Street, Fourth Floor*  856-757-5026
*Assistant U.S. Attorney*  *Camden, New Jersey 08101*

April 1, 2022

Honorable Robert B. Kugler
United States District Judge
Mitchell H. Cohen Federal Building
 & United States Courthouse
Fourth and Cooper Streets
Camden, New Jersey 08102

    Re:   <u>*United States v. Steven Monaco*, 19-cr-716</u>
            <u>Motion in Limine</u>

Dear Judge Kugler:

    Please accept this letter brief in lieu of a more formal submission requesting that the Court exclude the introduction of certain evidence and arguments in the upcoming trial of *United States v. Monaco*, 19-cr-716 (RBK).

    By way of background, Monaco was indicted on charges of conspiracy to commit health care and wire fraud contrary to 18 U.S.C. §§ 1347 and 1343, and in violation of 18 U.S.C. § 1349; health care fraud in violation of 18 U.S.C. § 1347; wire fraud in violation of 18 U.S.C. § 1343, and conspiracy to violate the Anti-Kickback Statute and Travel Act, contrary to 42 U.S.C. § 1320a-7b(b) and 18 U.S.C. § 1952(a)(3), and in violation of 18 U.S.C. § 371. As set forth in the Indictment and as admitted by co-defendant Dr. Daniel Oswari at his plea hearing, Monaco orchestrated a scheme with Oswari and others in which he arranged for Oswari's medical assistant to be on the payroll of "Laboratory 1" while continuing to work for Oswari in exchange for Oswari referring lab tests to Laboratory 1. Monaco was a sales representative at Laboratory 1 and earned commissions on Oswari's lab test referrals. As also described in the Indictment and as admitted by co-defendants Oswari, Dr. Michael Goldis, and physician's assistant Jason Chacker at their plea hearings, in a separate scheme, Monaco paid these medical professionals in exchange for their prescribing of compound medications that he promoted. As a result of this second scheme, the victim— referred to in the Indictment as the "Pharmacy Benefits Administrator"—paid out more $4.5 million for medically unnecessary compound medications. The conspiracies charged in the Indictment ended in April 2016.

1

Rule 401 of the Federal Rules of Evidence provides the test for admissible evidence at trial, stating that only relevant evidence—*i.e.*, evidence that has any tendency to make a fact more or less probable than it would be without the evidence—is admissible. Fed. R. Evid. 401(a). Even if evidence is relevant, however, it should nevertheless be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## I. The Court Should Exclude Evidence or Argument that Monaco's Conduct was Lawful Because He Remains Employed by Laboratory 1.

The Government anticipates that Monaco may attempt to elicit evidence from witnesses, including his character witnesses, that he remains to this day employed by Laboratory 1. Monaco further may argue or suggest at trial that his actions were lawful because he remains employed by Laboratory 1—in other words, Laboratory 1 would have terminated him if he had in fact committed a crime. Such evidence and arguments are irrelevant and inadmissible under Rules 401 and 403 because they would unfairly prejudice the Government by confusing the issues at trial and misleading the jury.

Evidence of Monaco's continued employment with the laboratory is irrelevant because it does not have any tendency to make a fact of consequence at trial more or less probable than it would be without that information. This case is about Monaco's conduct from 2013 to 2016, and what his employer did or decided after 2016 is irrelevant to the charged crimes. Whether Monaco committed a crime and whether he has been terminated by his employer are separate and distinct issues. *See, e.g., United States v. Evans*, 356 F. App'x 580, 583 (3d Cir. 2009) (affirming district court's denial of defendant's request in tax fraud case to admit letters submitted to employer explaining his view that he had no tax liability). Monaco's current employment status has no bearing on whether the elements of the crimes with which he is charged are established at trial. Thus, evidence and suggestions regarding the Defendant's current employment at Laboratory 1 should be excluded by the Court as irrelevant under Rule 401.

In addition to being irrelevant, evidence and arguments suggesting that the Defendant's continued employment at the laboratory negates criminal conduct could significantly mislead the jury, confuse the issues at trial, and unfairly prejudice the Government. Such suggestions would distract the jury from the actual elements of the charged conduct. *See, e.g., United States v. Rivera-Ortiz*, 14 F.4th 91, 101-02 (1st Cir. 2021) (affirming district court's ruling prohibiting defendant from presenting evidence of his employer's lack of knowledge of and response to his conduct in fraud case on basis of "substantial capacity to mislead the jury") (internal citations and quotations omitted). In order to avoid such a result and adhere to the tenets of the Rules of Evidence, the Court should not allow such evidence and arguments at trial.

## II. The Court Should Preclude Evidence or Argument Blaming the Victim for Failing to Discover the Fraudulent Scheme.

It is likewise anticipated that Monaco may argue or suggest at trial that his conduct was lawful because the victim Pharmacy Benefits Administrator continued to pay for and did not at the time question or cease coverage of the compound medication prescriptions at issue. However, such arguments that "blame the victim" are irrelevant to the issues at trial and would mislead the jury.

It is well-established that "[t]he negligence of the victim in failing to discover a fraudulent scheme is not a defense to criminal conduct." *United States v. Coyle*, 63 F.3d 1239, 1244 (3d Cir. 1995). In *United States v. Leadbeater*, 2015 WL 567025, at *8-9 (D.N.J. Feb. 10, 2015), a mortgage fraud case, the defendants sought to argue at trial that their conduct was lawful because the victim lenders failed to scrutinize the loan applications at issue and did not stop the conduct. *Id.* at *8. Chief Judge Simandle rejected the defendants' argument and precluded them from suggesting at trial that the lenders "were not sufficiently careful or prudent in protecting themselves from fraud." *Id.* at *9. In so doing, Chief Judge Simandle recognized that "how closely the victim lenders scrutinized the loan applications" was irrelevant at trial and that the relevant inquiry instead was whether "the defendants had an agreement to defraud." *Id.* (citing *Neder v. United States*, 527 U.S. 1, 24-25 (1999)). Thus, Chief Judge Simandle barred this irrelevant and misleading "blame the victim" argument. *Leadbeater*, 2015 WL 567025, at *9; *see also Rivera-Ortiz*, 14 F.4th at 101-02 ("[T]he district court repeatedly justified its exclusionary ruling based on a concern that Rivera, in drawing attention to the lack of action by the relevant agencies, might be suggesting a kind of 'blame-shifting' defense that would confuse jurors. . . . After all, whether or not particular employees at the agencies were negligent or less-than-diligent in reporting [the conduct] was not directly at issue[.]").

Just as in *Leadbeater* and *Rivera-Ortiz*, it is irrelevant whether the Pharmacy Benefits Administrator unveiled the fraud or ceased payment on the insurance claims at the time. Rather, what the jury must and solely should consider is evidence relevant to whether (1) two or more persons agreed to commit health care and wire fraud; (2) the Defendant was a party to or member of that agreement; and (3) the Defendant joined the agreement knowing of its objective to commit health care and wire fraud and intended to join together with at least one co-conspirator to achieve that objective. *See Third Circuit Model Jury Instructions* § 6.18.371A. Blaming the victim or suggesting that the Defendant's conduct was lawful because the Pharmacy Benefits Administrator continued to cover the compound medications would significantly confuse the issues at trial and mislead the jury. Accordingly, the Court should preclude Monaco from arguing or suggesting at trial that the Pharmacy Benefits Administrator's continued payment of insurance claims and failure to identify the fraud were a defense to his conduct.

\* \* \*

For the reasons set forth above, the Court should grant the Government's motion to exclude the above-described evidence, arguments, and suggestions at trial.

Respectfully Submitted,

_____
R. DAVID WALK, JR.
CHRISTINA O. HUD
Assistant U.S. Attorneys
United States Attorney's Office
District of New Jersey

cc: Gerard Egan, Esq.

4