2019R01240/RDW/COH/BAW/fk

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Robert B. Kugler, U.S.D.J. |
| v. | : | Crim. No. 19-716-1 (RBK) |
| STEVEN MONACO, | : | ORDER OF FORFEITURE <u>(Money Judgment)</u> |
| Defendant. | : | |

WHEREAS, on April 19, 2022, a federal petite jury, sitting in the District of New Jersey, found defendant Steven Monaco guilty of conspiring, from in or about January 2014 through in or about April 2016, to commit health care fraud, contrary to 18 U.S.C. § 1347, and wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349 (Count One of the Indictment); health care fraud, in violation of 18 U.S.C. § 1347 (Counts Two through Eight, and Fourteen); wire fraud, in violation of 18 U.S.C. § 1343 (Counts Fifteen through Twenty-Two); and conspiring, from in or about November 2013 through in or about March 2016, to pay and receive kickbacks and bribes, contrary to 42 U.S.C. § l320a-7b(b)(1)(A) and (b)(2)(A), and N.J.S.A. § 2C:21-10 and U.S.C. § 1952(a)(3), in violation of 18 U.S.C. § 371 (Count Twenty-Three);

WHEREAS, 18 U.S.C. § 982(a)(7) requires that a person convicted of a Federal health care fraud offense forfeit all property the defendant obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care offense;

WHEREAS, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) require that a person convicted of wire fraud and conspiracy to commit wire fraud and a violation, or a conspiracy to violate, N.J.S.A. § 2C:21-10 and U.S.C. § 1952(a)(3), forfeit all proceeds the defendant obtained directly or indirectly as the result of such offense;

WHEREAS, pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461, and Rule 32.2(b)(l) of the Federal Rules of Criminal Procedure, based upon the evidence presented at trial and the Presentence Report, the Court finds that the Government has proven by a preponderance of the evidence that defendant Steven Monaco is liable for a personal money judgment in the amount of $347,557.92 as to Count One, representing the amount of proceeds obtained by defendant Steven Monaco as a result the commission of the conspiracy offense charged in such count. Specifically, the evidence at trial showed that the defendant obtained money for selling fraudulent compound medications.  The testimony of IRS–CI Special Agent Brandon Galloway included his financial analysis which demonstrated that the $347,557.92 in monies were deposited into two bank accounts controlled by the defendant.  *See* Testimony of Brandon Galloway and Government Exhibit ("GX") 951 (summary chart) at pp. 15-17; GX 280, 281, 282, 283, & 284 (copies of checks); and the accompanying bank records, all of which were admitted in evidence at trial; and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461, and Rule 32.2(b)(l) of the Federal Rules of Criminal Procedure, based upon the evidence presented at trial and the Presentence Report, the Court finds that the Government has proven by a preponderance of the evidence that defendant

Steven Monaco is further liable for a personal money judgment in the amount of $36,406.25 as to Count Twenty-Three, which represents total commissions the defendant obtained as a result of the referrals for laboratory testing that were tainted by kickbacks as a result of the fraudulent relationship with co-conspirator Daniel Oswari. *See, e.g.*, GX 212A; Testimony of Daniel Oswari; Testimony of Luz Bagley.

NOW, THEREFORE, good and sufficient cause has been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. Pursuant to 18 U.S.C. § 982(a)(7), as a result of the commission of the conspiracy to commit health care fraud charged in Count One of the Indictment, the defendant shall forfeit $347,557.92.

2. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of the commission of the conspiracy to commit wire fraud charged in Count One of the Indictment, the defendant shall forfeit $347,557.92.

3. Pursuant to 18 U.S.C. § 982(a)(7), as a result of the commission of the conspiracy to violate the Anti-Kickback Statute charged in Count Twenty-Three of the Indictment, the defendant shall forfeit $36,406.25.

4. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of the commission of the conspiracy to violate the Travel Act as charged in Count Twenty-Three of the Indictment, the defendant shall forfeit $36,406.25.

5. As a result of the foregoing, a criminal forfeiture money judgment in the aggregate amount of $383,964.17 (the "Money Judgment") is hereby entered against the defendant and in favor of the United States, pursuant to 18 U.S.C. § 982(a)(7),

and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in accordance with Federal Rule of Criminal Procedure 32.2(b).

6. All payments on the Money Judgment shall be made by: (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshal Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

7. Pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States Marshals Service is authorized to deposit all payments on the Money Judgment in the United States Department of Justice Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

8. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

9. The Clerk of the Court is directed to enter a money judgment against the defendant and in favor of the United States in the aggregate amount of $383,964.17.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture is final against the defendant, is part of the sentence of the defendant, and is included in the judgment of conviction therewith.

11. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

It is SO ORDERED.

_____
HONORABLE ROBERT B. KUGLER
United States District Judge

Dated: October 18, 2022